COOKS, J.,
Concurs in the Result.
| ,1 agree with the majority’s reasoning that the lien is defective in that it was not sent by certified mail and did not provide the location of the healthcare provider seeking to perfect the lien, as required by the provisions of La. R.S. 9:4758.
I believe, however, there is an additional, compelling reason why this lien is invalid as to the surviving spouse and surviving minor children of the decedent. The evidence shows the lien was directed to “The Estate of or Representative Chad W. Met-calf.” A letter authored by Mr. Broussard as attorney for the minor children, and indicating he represents the estate of Chad Metcalf, informed Christus that these three children listed on the check were seeking to recover damages for the wrongful death of their father from GEI-CO as insurer of the alleged negligent driver. He further states that the funds issued by GEICO made payable to the children and Kelli Metcalf are “not a matter of inheritance” from Chad’s estate.” Mr. Broussard’s legal secretary, Rachel Koonce, also testified that Broussard & Hart made “a claim for the Metcalfs for the death of the children’s father” and that this is what the settlement check from GEICO represents in payment. Christus has made no attempt at any stage of these proceedings to contend that the funds it seeks to lien are an asset of Chad’s estate. In fact, it directs the notice of lien to “The Estate of Chad W. Metcalf’ and |.¿argued in the trial court and in this court that the children have no cause of action against Christus to attack the lien because Chris-tus’ claim is against Chad’s estate. It is precisely for this reason that I believe the law does not entitle Christus to place a lien on the check issued by GEICO made payable to “Kelli Metcalf and Herbert E. Met-calf And Judy L. Metcalf As Custodial Guardians Karen Metcalf, Kasey Metcalf, & Kayla Metcalf ...”
La. Civ.Code art. 2315.2 provides
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
In Walls v. American Optical Corporation, 98-0455 (La.9/8/99), 740 So.2d 1262, the Louisiana State Supreme Court stated
In Louisiana, the wrongful death action is authorized by La.C.C. art. 2315.2. The provision clearly and unambiguously expresses that the wrongful death action compensates the beneficiaries for their own injuries suffered as a result of the victim’s death. Therefore, the plaintiffs’ injury in a wrongful death action occurs when the victim dies.
Christus, having been informed by Mr. Broussard that these funds belonged to the children of the deceased as settlement for their wrongful death claim, and having seen that the check was made payable to these children through their lawful guardians and tutrix, acted in bad faith by attempting to lien proceeds which they had no reason nor basis to believe they had any right to claim. I would remand the case to the trial court for purposes of determining an amount of attorney fees and damages which would fairly compen *944 sate these children for the lien improperly placed upon their patrimony.